[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence — 17 June 1992 Date of Application — 19 June 1992 Date Application filed — 29 June 1992 Date of Decision — 23 March 1993
Application for review of sentence imposed the Superior Court Judicial District of Hartford/New Britain at Hartford. Docket Numbers CR92-418146, CR91-415112.
Albert B. Harper, Esq. — For the Petitioner
 John Droplick, Esq. — Assistant State's Attorney for the State
BY THE DIVISION
The petitioner entered pleas to Robbery 1st Degree, (2 counts), in violation of Conn. Gen. Stat. Unlawful Restraint 1st (2 counts) in violation of Conn. Gen. Stat. 53a-95; Assault 2nd in violation of Conn. Gen. Stat.53a-60(a)(2)(3); Conspiracy to Commit Robbery in violation of Conn. Gen. Stat. 53a-48; 53a-134(a)(2)(3); Escape from custody in violation of Conn. Gen. Stat. 53a-171 and Carrying a Firearm Facsimile in violation of Conn. Gen. Stat. 53-206c(d). He was sentenced to 20 years, concurrent each count, on the Robbery 1st, 5 years concurrent each count Unlawful Restraint; 5 years concurrent each count Assault 2nd and 10 years to serve on the Conspiracy to Commit Robbery. Each of the above sentences were concurrent to each other for a total effective sentence of 20 years to serve. On the Escape, he was sentenced to 3 years to serve and 6 months to serve for Carrying a Firearm Facsimile. The two charges were concurrent to each other but consecutive to the original charges for a total effective sentence of 23 years to serve.
The first series of criminal acts were committed by the petitioner in a local Hartford business. The petitioner entered the business claiming he was a federal agent pushing the victims CT Page 4258 to the floor and threatening them with a sawed-off shotgun. He used the butt of the gun to beat the victims about the head and stole money from the cash register and the victims wallets. He then stole the victims car and was apprehended a short distance from the crime scene. The second offense occurred at the Hartford courthouse when the petitioner pointed what appeared to be a pistol at a sheriff which allowed the petitioner to escape for a short time and distance.
At the hearing, counsel for the petitioner claimed that the sentence imposed by the court was harsh and disproportionate. Counsel felt that his client was an educated person who has shown considerable promise to society and his family.
Counsel stressed that his client made some very early mistakes in his life and that his relationship with organized crime acted as a surrogate parent. That mistake was compounded when the petitioner was let outside of the prison system unprepared to accept the responsibilities of his non-structured existence. Counsel urged that the petitioner's sentence be reduced because . . . "the sooner we allow him to use his talents as an educator, the better we will be."
Counsel for the state pointed out the extensive criminal record of the petitioner. Noting that his record included everything from drugs to murder he argued that the petitioner was a person with no rehabilitative possibilities. The crimes he was sentenced for were committed shortly after spending most of his life in jail. He concluded by stating that the sentence imposed by the court was appropriate and should be affirmed by the sentence review board.
After considering the facts and circumstances of these crimes, the arguments of counsel, the nature of the offenses and the lack of ability of the petitioner to conduct himself in a law abiding manner and taking into consideration Practice Book 942, we conclude that the sentence imposed is neither inappropriate or disproportionate.
The sentence is affirmed.
Norko, J. Klaczak, J. Purtill, J. CT Page 4259
Norko, J., Klaczak, J., and Purtill, J., participated in this decision. CT Page 4260